# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**BYRON MCENTIRE**                                                                    **PLAINTIFF**

v.                                    No. 3:17-CV-142-BD

**SOCIAL SECURITY ADMINISTRATION**                                    **DEFENDANT**

## ORDER AFFIRMING THE COMMISSIONER

Byron McEntire applied for social security disability benefits with an alleged disability onset date of January 1, 2011. (R. at 122). After a hearing, the administrative law judge (ALJ) denied the application. (R. at 161). The Appeals Council remanded for reconsideration. (R. at 167–68). Subsequently, the ALJ again denied the application. (R. at 56). The Appeals Council denied Mr. McEntire's request for review. (R. at 1). Mr. McEntire has requested judicial review. The parties have consented to the jurisdiction of the magistrate judge.

## I.    The Commissioner's Decision

The ALJ found that Mr. McEntire had the following severe impairments: right shoulder impingement, mild obstructive sleep apnea, degenerative disk disease of the thoracic and lumbar spine, scoliosis, lumbago, osteoarthritis, obesity, headaches, and hyperlipidemia. (R. at 48). The ALJ found that Mr. McEntire had the residual functional capacity (RFC) to perform light work. He could sit six-to-eight hours in an eight-hour day; stand for six-to-eight hours in an eight-hour work day; walk no more than half a mile at a time; occasionally climb, stoop, crouch, kneel, and crawl; and frequently reach and handle with the dominant upper extremity. (R. at 48–49). A vocational expert (VE)

testified that Mr. McEntire's RFC would allow him to perform his past relevant work as a car salesman/owner. (R. at 56). Therefore, the ALJ held that Mr. McEntire was not disabled. (R. at 56).

## II. Discussion

The Court reviews the record to determine whether substantial evidence on the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).

In this appeal, Mr. McEntire argues that the ALJ improperly weighed the medical opinions, failed to include specific limitations concerning his ability to reach overhead, failed to account for his bilateral knee osteoarthritis, and failed to fully and fairly develop the record.

### A. Medical Opinions

Mr. McEntire first argues that the ALJ improperly weighed the opinion evidence. Bernard Crowell, M.D., evaluated Mr. McEntire and opined that he could stand or walk for only two hours in an eight-hour workday. (R. at 556). Dr. Crowell supported his opinion with x-rays and diagnoses of several issues related to Mr. McEntire's back. (R. at 559).

While Dr. Crowell's findings appear medically sound, other evidence in the record contradicts Mr. McEntire's claims of disability. Mr. McEntire reported to one of his doctors that he walks two or three miles per day. (R. at 639). He disputes this and

maintains that this is an error in the record. Unfortunately for Mr. McEntire, the Court cannot reweigh the evidence in this appeal. (R. at 96). Moreover, Mr. McEntire reported to his physicians that he exercised three times per week. (R. at 473, 475, 477, 479, 482, 484, 504, 508). Also, Mr. McEntire was seeking employment during the relevant period and chose to put off surgery until he knew whether he would get a job that he had applied for. (R. at 591). All of this evidence calls into question the limitations that Dr. Crowell found.

Mr. McEntire also contends that the ALJ did not give sufficient weight to his treatment with Henry Stroope, M.D., for shoulder pain. (R. at 585–94). As noted, Mr. McEntire postponed surgery with Dr. Stroope while waiting to find out about a job. (R. at 591). The ALJ included reaching and handling restrictions to account for Mr. McEntire's shoulder impairment. (R. at 49). There was no error in the ALJ's consideration of Mr. McEntire's treatment under Dr. Stroope.

## B.  Overhead Reaching Limitations

Mr. McEntire argues that the ALJ, while finding that he had limitations reaching overhead, failed to specify the degree of limitation and that this error requires remand. The ALJ stated that Mr. McEntire "has limited overhead reaching with the right and reaching and handling is limited to frequent, with the dominant, two thirds of the day." (R. at 49). Mr. McEntire interprets this sentence as indicating two distinct limitations—a limit on overhead reaching and a limit on reaching and handling. The ALJ's clear intention, however, was to explain that Mr. McEntire was limited to frequent reaching and handling as a result of his limited ability to reach overhead. While the ALJ could

have written this limitation more clearly, the phrasing results in no practical effect on the outcome of the case and does not warrant reversal. *Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir. 1987).

## C. Bilateral Knee Osteoarthritis

For his third point, Mr. McEntire maintains that the ALJ failed to sufficiently account for bilateral osteoarthritis in his knees. While the medical records support Mr. McEntire's diagnosis of osteoarthritis, they also show that he declined treatment. (R. at 652–57). Furthermore, the evidence concerning Mr. McEntire's ability to stand and walk applies equally to limitations imposed by osteoarthritis in his knees. If substantial evidence supports the ALJ's decision, this Court must affirm, even if it would weigh the evidence differently. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). The evidence in this instance is substantial enough to support the ALJ's decision.

## D. Development of the Record

Finally, Mr. McEntire contends that the ALJ should have further developed the record by recontacting his treating physicians for their opinions. The ALJ has a duty to fully and fairly develop the record, but the duty to recontact physicians or order consultative examinations is required only if a critical issue remains undeveloped. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011). The record in this case includes Dr. Crowell's opinion and numerous treatment records. There is no undeveloped issue in this case. The record contains sufficient evidence from which the ALJ was able to find that Mr. McEntire was not disabled.

## III. Conclusion

A reasonable mind would find the evidence adequate to support the ALJ's decision. The ALJ made no legal error, and the decision, therefore, is hereby AFFIRMED.

SO ORDERED, this 24th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE